UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN KELLY WHITE,
    Petitioner,

v.

MARY BERGHUIS,
    Respondent,
_____/

Civil No. 2:08-CV-14238
HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS

Brian Kelly White ("petitioner") presently confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for possession with intent to deliver 50 or more but less than 450 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iii); possession of marijuana, Mich. Comp. Laws § 333.7403(2)(d); felon in possession of a firearm, Mich. Comp. Laws § 750.224f; two counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b; and being a second felony habitual offender, Mich. Comp. Laws § 769.10. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED.**

**I. Background**

The evidence in this case was seized by police during the execution of a search warrant at petitioner's home in Southfield, Michigan. After being bound over for trial, petitioner filed a motion to quash the search warrant on the ground that the search warrant

1

affidavit failed to establish probable cause for a search of the home and the seizure of the contraband. The trial court denied the motion on August 31, 2005.

Petitioner then entered a conditional plea of guilty to the above offenses to preserve his right to appeal the denial of the motion to quash the search warrant. Following his sentence, petitioner filed an application for leave to appeal to the Michigan Court of Appeals, in which he again claimed that the search warrant was improperly granted because it was based on unreliable hearsay information. The Michigan Court of Appeals initially denied petitioner leave to appeal. *People v. White,* No. 272042 (Mich. Ct. App. Oct. 18, 2006). In lieu of granting leave to appeal, however, the Michigan Supreme Court remanded the case to the Michigan Court of Appeals to consider the case as on leave granted. *People v. White,* 477 Mich. 1054; 728 N.W.2d 423 (2007). On remand, the Michigan Court of Appeals concluded that there was sufficient information to justify the issuance of a search warrant and held that the trial court did not err in refusing to suppress the evidence obtained during the search. *People v. White,* No. 276990, 2008 WL 902120 (Mich. Ct. App. Apr. 3, 2008). The Michigan Supreme Court subsequently denied leave to appeal. *People v. White,* 755 N.W.2d 625 (2008) (Kelly, J. would grant leave to appeal).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> The warrant at issue was improperly granted due to the inherent lack of reliability in the week old, triple hearsay information used to support the warrant.

**II. Petitioner's Fourth Amendment Claim**

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See* Rule 4, Rules Governing § 2254 Cases; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("[T]he District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."). A petition may be dismissed under Rule 4 if it raises legally frivolous claims or if it contains factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the ground raised by petitioner in his petition is meritless such that the petition must be denied.

Petitioner contends that the search warrant was facially invalid because the police used unreliable and stale third-hand information to obtain the warrant. Consequently, Petitioner argues that evidence obtained during the execution of the search warrant should have been suppressed to protect his Fourth Amendment right to be free from unreasonable search and seizure.

Federal habeas review of a petitioner's arrest or search by state police is barred "where the State has provided an opportunity for full and fair litigation of a Fourth

3

Amendment claim . . . ." *Stone v. Powell*, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052 (1976); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). Such an opportunity existed if the state provided, in the abstract, a mechanism by which a petitioner could raise the claim, and so long as presentation of the claim was not frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). In undertaking this analysis, "the relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided." *Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003).

On federal habeas review, then, a federal court cannot re-examine a petitioner's Fourth Amendment claim that evidence should have been suppressed as "poisonous fruit" of his or her illegal arrest or search where the state provided an opportunity for full and fair litigation of the habeas petitioner's Fourth Amendment claim prior to trial. *See Walendzinski v. Renico,* 354 F. Supp. 2d 752, 759 (E.D. Mich. 2005).

Petitioner is unable to raise a Fourth Amendment claim that the evidence in this case was the product of an illegal arrest or search when he raised the factual basis for this claim in the state trial and appellate courts and the state courts thoroughly analyzed the facts and applied the proper constitutional law in rejecting his claim. *Machacek*, 213 F. 3d at 952; *Monroe,* 197 F. Supp. 2d 753, 766 (E.D. Mich. 2001). Accordingly, petitioner is not entitled to habeas relief on his claim.

### III. Certificate of Appealability

28 U.S.C. § 2253 governs appeals in § 2254 proceedings. Section 2253(c)(2)

4

states, in pertinent part: "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Furthermore, Fed. R. App. P. 22(b) states: "If [a habeas] applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." In granting a certificate of appealability, the Court must indicate the specific issue or issues for which the applicant made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3). The Sixth Circuit has indicated that a federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F.3d 900, 901-02 (6th Cir. 2002).

For the reasons stated above, the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue in this case.

## IV. Conclusion

For the reasons stated above, Petitioner's application for a writ of habeas corpus shall be denied and a certificate of appealability shall not issue in this case.

A judgment consistent with this Opinion shall issue forthwith.

    s/**PATRICK J. DUGGAN**
    UNITED STATES DISTRICT COURT

DATED: October 28, 2008
Copy to:
Brian White, #597725
2500 S. Sheridan Dr.
Muskegon Heights, MI 49444