**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRIAN KELLY WHITE,

     Petitioner,                     Civil No. 2:08-CV-14238

                                             HONORABLE PATRICK J. DUGGAN

v.                                UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

     Respondent,

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

Brian Kelly White ("petitioner"), presently confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, sought the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenged his conviction for possession with intent to deliver 50 or more but less than 450 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iii); possession of marijuana, Mich. Comp. Laws § 333.7403(2)(d); felon in possession of a firearm, Mich. Comp. Laws § 750.224f; two counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b; and being a second felony habitual offender, Mich. Comp. Laws § 769.10. On October 28, 2008, this Court summarily dismissed petitioner's application after concluding that the grounds raised were meritless. Presently before the Court is Petitioner's Motion Seeking Relief from a Final Judgment and Request to Reopen Petitioner's Case Pursuant to 60(b) of Fed. R. of Civil Proc., filed on February 2, 2009. For the reasons set forth below, Petitioner's motion is denied.

## I. Background

1

The evidence in this case was seized by police during the execution of a search warrant at petitioner's home in Southfield, Michigan.  After being bound over for trial, petitioner filed a motion to quash the search warrant on the ground that the search warrant affidavit failed to establish probable cause for a search of the home and the seizure of the contraband.  The trial court denied the motion on August 31, 2005.

Petitioner then entered a conditional plea of guilty to the above offenses to preserve his right to appeal the denial of the motion to quash the search warrant. Following his sentence, petitioner filed an application for leave to appeal to the Michigan Court of Appeals, in which he again claimed that the search warrant was improperly granted because it was based on unreliable hearsay information.  The Michigan Court of Appeals initially denied petitioner leave to appeal. *People v. White,* No. 272042 (Mich. Ct. App. Oct. 18, 2006).  In lieu of granting leave to appeal, however, the Michigan Supreme Court remanded the case to the Michigan Court of Appeals to consider the case as on leave granted. *People v. White,* 477 Mich. 1054; 728 N.W.2d 423 (2007).  On remand, the Michigan Court of Appeals concluded that there was sufficient information to justify the issuance of a search warrant and held that the trial court did not err in refusing to suppress the evidence obtained during the search. *People v. White,* No. 276990,  2008 WL 902120 (Mich. Ct. App. Apr. 3, 2008).  The Michigan Supreme Court subsequently denied leave to appeal. *People v. White,* 755 N.W.2d 625 (2008) (Kelly, J. would grant leave to appeal).

Petitioner sought the issuance of a writ of habeas corpus on the following ground:

2

> The warrant at issue was improperly granted due to the inherent lack of reliability in the week old, triple hearsay information used to support the warrant.

The Court summarily dismissed Petitioner's application on October 28, 2008, after concluding that his claim was barred by *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037 (1976). In his present motion for relief from judgment, Petitioner argues that the state court's procedural mechanism for review of Fourth Amendment issues failed in his case and further asserts that this Court should review the merits of his claim because he is actually innocent.

## II. Failure of State Court Review Procedures

Pursuant to *Stone v. Powell*, federal habeas review of a petitioner's arrest or search by state police is barred "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim . . . ." 428 U.S. at 494, 96 S. Ct. at 3052 (1976). Such an opportunity existed if the state provided, in the abstract, a mechanism by which a petitioner could raise the claim, and so long as presentation of the claim was not frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). Petitioner concedes that Michigan provides, in the abstract, a mechanism by which he could raise his illegal search and seizure claim.[1] In an attempt to revive his

---

[1]At times, Petitioner appears to assert that Michigan's review mechanism is insufficient. (Pet.'s Mot. at 22.) Nonetheless, Petitioner summarizes his argument as follows: "Michigan does provide a corrective mechanism, but the petitioner was unable to use it because of an unconscionable breakdown in the underlying process." (*Id.*) The Court, therefore, proceeds under the assumption that Petitioner does not intend to challenge the Michigan review process in the abstract. Furthermore, the Court notes that

3

habeas petition, however, Petitioner argues that a failure of that mechanism prevented him from obtaining a careful review of his claim.

Petitioner specifically complains that the Michigan review process broke down at the trial court level where the hearing for his motion to suppress lasted less than three minutes and where neither party called witnesses to testify.  Petitioner contends that, had he "received a suppression hearing complete with witnesses then [he] would have took [sic] advantage of [the Michigan review procedures] and there would have been no breakdown which was 'unconscionable'."  (Pet.'s Mot. at 22.)  This argument is insufficient to establish a "failure" of Michigan's review mechanism.

While Michigan law allows for the calling of witnesses at suppression hearings, *see People v. Reid*, 420 Mich. 326, 336, 362 N.W.2d 655, 660 (1984), there is no requirement that witnesses be called.  At the suppression hearing in this case, petitioner's counsel indicated that he was "prepared to stand on [his] brief."  (*Id.* at 8 (quoting Suppression Hearing Transcript).)  Counsel's decision not to call witnesses does not indicate that Michigan's review mechanism failed.  The trial court received briefs from the parties and ruled on the suppression motion after providing both parties an opportunity to argue their positions.  Furthermore, Petitioner received a full and careful review of his Fourth Amendment claim on appeal.  Although the Michigan Court of

---

Michigan's review mechanism has previously been found sufficient under the *Stone v. Powell* analysis.  *See, e.g.*, *Ahmed v. Wolfenbarger*, No. 2:06-14106, 2008 WL 5188268, at *8 (E.D. Mich. Dec. 9, 2008).

Appeals initially denied Petitioner leave to appeal, the Michigan Supreme Court

remanded the case for consideration as on leave granted.  The Michigan Court of Appeals

then provided a full review of Petitioner's claim and affirmed the trial court's ruling.  The

Michigan Supreme Court denied leave to appeal.  Under these circumstances, the Court

concludes that Petitioner "received all the process he was due."  *See Machacek v.*

*Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000).  Therefore, Petitioner has failed to establish

that he is entitled to relief from judgment pursuant to Rule 60(b)(1) of the Federal Rules

of Civil Procedure.

### III. Actual Innocence

Petitioner next argues that evidence of his actual innocence warrants review of the

merits of his Fourth Amendment claim despite the rule against such consideration on

habeas review.  Petitioner maintains that his actual innocence justifies relief from

judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.  In making

this argument, Petitioner relies on the Supreme Court's holding in *Schlup v. Delo*, 513

U.S. 298, 115 S. Ct. 851 (1995), and the Sixth Circuit's holding in *Souter v. Jones*, 395

F.3d 577 (6th Cir. 2005).  Together, these cases provide that "a credible showing of actual

innocence [is] sufficient to enable a court to reach the merits of an otherwise

procedurally-barred habeas petition."  *Souter*, 395 F.3d at 588.

Petitioner's argument fails on at least two grounds.  First, the "actual innocence"

exception described in *Schlup* and *Souter* applies only to "procedurally-barred" habeas

claims.  A habeas petitioner may be "procedurally" barred from raising claims if he fails

5

to file his petition within the time allotted by the statute of limitations or if he files successive petitions.  The *Stone v. Powell* bar to consideration of Fourth Amendment claims, however, is not procedural.  *Stone v. Powell* bars consideration of Fourth Amendment claims on habeas review because of the substantive constitutional jurisprudence of the United States Supreme Court, not because the petitioner failed to conform with the filing or timing requirements related to habeas petitions.  Consequently, the "actual innocence" exception to procedurally barred claims is inapplicable to this case.[2]

Second, even if *Stone v. Powell* presents a procedural bar, Petitioner fails to present a "credible showing of actual innocence."  To be credible, Petitioner's claim of actual innocence must be supported "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."  *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865).  Petitioner presents no new evidence to support his claim of actual innocence; he merely asserts that there was insufficient evidence of his actual or

---

[2]In his brief, Petitioner distinguishes between "freestanding" actual innocence claims, by which prisoners attempt to secure a writ of habeas corpus by establishing their innocence, and "gateway" actual innocence claims, by which prisoners seek meritorious review of otherwise procedurally barred constitutional claims on grounds that they are actually innocent.  (Pet.'s Mot. at 30.)  The evidentiary burden on a petitioner is lower in the context of "gateway" claims.  *Schlup*, 513 U.S. at 316, 115 S.Ct. at 861-62.  Petitioner asserts only a "gateway" claim of actual innocence.  (Pet.'s Mot. at 30-33.)

constructive possession of cocaine to support his guilty plea.[3]  As such, Petitioner has

failed to meet his burden and is not entitled to relief from judgment.

Accordingly,

**IT IS ORDERED** that Peitioner's motion for relief from judgment is **DENIED**.

s/**PATRICK J. DUGGAN**
UNITED STATES DISTRICT COURT

DATED: February 12, 2009

Copy to:
Brian White, #597725
2500 S. Sheridan Dr.
Muskegon Heights, MI 49444

---

[3]Interestingly, Petitioner has never attempted to withdraw his guilty plea nor does he argue that there was insufficient evidence to support his marijuana or firearms convictions.

7